Ruffin', C. J.
 

 Upon the evidence, the conclusion of the Court upon the points, on which the parties are at issurj would, probably, be, that the note of Patterson and Mai • tin, though not endorsed to William H. Martin & Col was transferred to the firm, as a part of the stock of Bet.» jamin S. Martin, and, moreover, that the sums, which John Marlin appears to have paid as the surety of his
 
 *37
 
 sons, was in fact paid by the sale of property, which le^ally belonged to the sons, so as to prevent that from constituting a valuable consideration for the note. If the cause, therefore, depended on those points, the decree would, probably, be for the plaintiffs, especially as the argument of bad faith, in making the assignment to the father without consideration, is much fortified by the subsequent devices of suing in the name of Dobson, and making the persons, for whose benefit the suit was hrought, parties defendant with Patterson. But the decree must lie against the plaintiffs, because, upon their own shewing, the case is against them in point of law. The bill does not allege, that the note was paid by Patterson and Martin, or either of them, to Benjamin S. Martin. On the contrary, it states that he paid it into the firm, as a subsisting note, in part of his stock ; nor does it allege, that payment was made to the firm by the makers, nor set' forth any facts from which actual satisfaction of the note to the firm by William H. Martin or afterwards can be inferred. It is not stated, oven, that he paid in his own share of the stock, much less that he is now or ever was in advance of the firm. As far as appears, then, the debt is still justly due to the firm, and is much needed for the creditors, to whom, the bill state's, this insolvent firm is indebted to a large amount. The bill, indeed, does not put the right to relief upon the equitable ground, that the debt had been once satisfied by payment, and therefore, that it was against conscience to raise the money- a. second time; but it rests upon a supposed extinguishment of the debt, by reason that William H. Martin, had obliged himself to pay this debt, and he was one of. the persons, as a member of the firm, to whom it was to be paid. Now that is a doctrine of the common law, and might have put'the firm to difficulty, as to an action.on .the note, if it had been endorsed. A Court of Equity, however, proceeds upon no such principle of extinguish
 
 *38
 
 ment, but the contrary one of relieving against it generally, when produced by the law ; and hence, equity entertains suits between partners and charges each with what he justly owes, without regard to the form of security or its validity or invalidity at law. In this case, indeed', there was no extinguishment, as has been determined in the action at law p for the- note was not endorsed to the firm, but stood i.n the name of the payee, Benjamin S Martin,, in trust for the firm, as we are now considering the question. The other partner,. William H„ could not extinguish it without the consent of his companion ; since, it would be taking the effects of the-firm, to- satisfy his personal engagements to Patterson. But it is not pretended that he attempted to do. Consequently. Patterson and Martin became equitably the debtors to William H. Martin & Co., upon this note, and ought to- have been charged on their books as such, and the rights of the partner, Benjamin S. and the creditors of the firm, require that Patterson and Martin should now pay it, as it has not been done hitherto. If, indeed, the two brothers had agreed that the old note should be cancelled or considered paid, and that William H. Martin, by himself, should be the debtor to the firm for the amount and Patterson discharged, it would be different. But there is no evidence at all of such an agreement, nor is it charged distinctly, or otherwise than as legally to be inferred from the fact, that William H. Martin had bound himself to Patterson to pay this debt, an inference, already shewn to be inadmissible. It is true, it may be said, that John Martin claims the note for himself, though he is not' entitled to it,, but holds it in trust for the firm, and, therefore, that William H. Martin, ■has an interest in. it, and to that extent the plaintiff ought to be relieved. But the bill is not framed with that view for the interest of each partner can only be ascertained by taking an account of the partnership, and ascertaining 'the surplus, for division,, after the payment of all debts-
 
 *39
 
 —a thing that does not exist, according to the statements oí the bill. The Court is obliged, therefore, to dismiss the bill, and, though reluctantly, with costs.
 

 Pee Cueiam. ©ecreé accordingly.